IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action No. **11-cv-03198-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**ADAM BRATTEN,**

        Defendant.

-----------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3210-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**SCOTT ROSE,**

        Defendant.

-----------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3228-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**BERNADETTE VECCHIARELLI,**

        Defendant.

Civil Action No. **11-cv-3283-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**KEVIN MOORE,**

        Defendant.

-----------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3290-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**LAURA BEAN,**

        Defendant.

-----------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3372-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**BRANDON GARRED SIMMONS,**

        Defendant.

Civil Action No. **12-cv-113-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**LOUIS PAPEDO,**

        Defendant.

---

Civil Action No. **12-cv-116-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**WALTER WILLIAMS,**

        Defendant.

---

Civil Action No. **12-cv-123-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,

        Plaintiff,

v.

**RANDY MARSH,**

        Defendant.

---

**ORDER**

Kane, J.

Plaintiff 24 Hour Fitness, USA, Inc. (hereafter "24 Hour Fitness"), filed its complaint against the above-named defendants in December of 2011 and January of 2012, but subsequently failed to submit proof of service of these defendants. On June 7, I ordered 24 Hour Fitness to show cause as to why its actions against these defendants should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). 24 Hour Fitness submitted a response to that order on June 14, 2012. Because 24 Hour Fitness has failed to effect proper service pursuant to Fed. R. Civ. P. 4 and to show good cause for failing to serve these defendants within the 120 day period, I DISMISS these actions WITHOUT PREJUDICE.

**ANALYSIS**

24 Hour Fitness has submitted two arguments in response to my June 7th order to show cause: (1) that its service of these defendants' counsel in a distinct proceeding was sufficient under Fed. R. Civ. P. 5(b)(1), and alternatively, (2) it should be granted an extension of time to provide service. I address each in turn.

*Service Under Fed. R. Civ. P. 5(b)(1)*

Fed. R. Civ. P. 5(b)(1) states that if a party is represented by an attorney, service must be made on the attorney unless the court orders service on the party. The theory underlying the rule is that such service will expedite the court process by providing counsel in an on-going suit with court documents directly. 4B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Prac. & Proc. Civ. § 1145 (3d ed. 2011). But, Fed. R. Civ. P. 5(b)(1) was not written to negate a defendant's due process rights. Consequently, the advisory committee notes to Rule 5 state that Rule 5(b)(1) is only applicable to service made under Rules 5(a) and 77(d). *See*, Fed. R. Civ. P. 5 Advisory Committee Note (2001 Amendment). Service made pursuant to Rule 4 must be had as provided by

that rule. *Id.*

24 Hour Fitness cites no authority for its usage of Fed. R. Civ. P. 5(b)(1). Indeed, its reliance on that rule directly contradicts the advisory committee's comments to the section. Further, 24 Hour Fitness has litigated and lost this issue in multiple other forums. *See*, *e.g.*, *24 Hour Fitness USA, Inc. v. Ramirez*, 12-2038-SAC, 2012 WL 859725 (D. Kan. Mar. 13, 2012) (noting that Fed. R. Civ. P. 5 does not negate the requirements of Rule 4); Order, *24 Hour Fitness USA, Inc. v. Brown*, No. 11-62600 (S.D. Fla. April 23, 2012), ECF 6 (ordering that service under Rule 5(b)(1) was insufficient and must be had as provided by Rule 4); Order, *24 Hour Fitness USA, Inc. v. Vaughn*, No. 11-02425, (D. Ariz. April 2, 2012), ECF 14 (same); Order, *24 Hour Fitness USA, Inc. v. Mater*, No. 11-cv-02134-JCH (E.D. Mo. April 9, 2012), ECF 11 (same).

Because 24 Hour Fitness has failed to personally serve these defendnats, its actions do not satisfy the requirements of Fed. R. Civ. P. 4. Service of these defendants' attorneys in another proceeding does not remedy this defect. Therefore, 24 Hour Fitness has failed to effect proper service on these defendants.

*Extension of Time for Service*

Although 24 Hour Fitness has failed to properly serve these defendants, it may be entitled to a mandatory or discretionary extension of time for service. Where proper service of a defendant has failed, the court must grant a mandatory extension given a showing of good cause for the failure. Fed. R. Civ. P. 4(m). Even in the absence of such a showing, a court may grant a discretionary extension. *Id.* The validity of an extension is a two-part inquiry: (1) has the plaintiff shown good cause for his failure to effect timely service, and if not, (2) might the court grant a discretionary extension? *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The good cause provision of Rule 4(m) has been read to protect "only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Here, 24 Hour Fitness has not provided any explanation for its failure to serve these defendants. Its filing merely asserts that its efforts have been fruitless and service difficult. *Cf. Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) (holding that plaintiff's showing of a pattern of avoidance of service by the responding party was good cause for an extension). I see no circumstance signifying good cause for extension in this case. Therefore, 24 Hour Fitness's behavior does not merit a mandatory extension of time for service.

Nevertheless, I may still grant a discretionary extension. In making this determination, I consider whether the applicable statute of limitations would bar the re-filed action, and other questions of policy. *Espinoza*, 52 F.3d at 841-42. *See, e.g., In re Furr's Supermarkets, Inc.*, 378 B.R. 418 (B.A.P. 10th Cir. 2007) (upholding a lower court ruling granting a discretionary extension of time for service where the statute of limitations had run, the defendant was not prejudiced by the delay, and service occurred only 24 days after the end of the 120 day period).

Here, there is some reason to grant the extension. 24 Hour Fitness has purportedly attempted to serve these defendants by employing a company to do so. Further, granting the extension would promote the law's general preference for judgements on the merits where possible. *See, e.g., In re Johnson*, 09-22874, 2011 WL 482837 (Bankr. D. Kan. Feb. 7, 2011). It is not, however, clear whether granting an extension would aid the judicial process or even result in service. Further, harm to these defendants is possible and the statute of limitations has not run. Finally, it is inexcusable that 24 Hour Fitness continues to employ a method of service which multiple courts have found insufficient in similar actions it has brought. *See* discussion *supra* p. 2-3. Accordingly, I decline to grant 24 Hour Fitness a discretionary extension of time to effect service on these defendants.

## CONCLUSION

Because 24 Hour Fitness failed to effect proper service of the above-captioned defendnats, has not shown good cause for this failure, and is not barred by the statute of limitations from re-filing, I DISMISS THE ACTION WITHOUT PREJUDICE. Further, 24 Hour Fitness is ORDERED TO SHOW CAUSE within 14 DAYS as to:

(1) why sanctions should not be imposed against it under Fed. R. Civ. P. 11(b) for its deliberate and continued misreading of Fed. R. Civ. P. 5, and

(2) why Plaintiff's counsel should not be reported to the Committee for violation of Rule 1.1 of the Colorado Rules of Professional Conduct for the same.

Dated:  June 29, 2012                    BY THE COURT:
                                         **/s/ John L. Kane**
                                         Senior U.S. District Court Judge